UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBRA DIAMOND, *et al.*, ) | Case No.: 1:13 CV 2481 |
| ) | |
| Plaintiffs ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Defendant ) | <u>ORDER</u> |

The Secretary of Health and Human Services (the "Secretary") denied Plaintiff Debra Diamond ("Mrs. Diamond") coverage for the prescribed medication Actiq under her Medicare Part D voluntary prescription drug program. Mrs. Diamond and her husband, Plaintiff Ronald Diamond ("Mr. Diamond"), sought judicial review of the Secretary's decision. The court referred the case to Magistrate Judge Vecchiarelli for preparation of a Report and Recommendation ("R&R"). Both parties submitted briefs on the merits. Plaintiffs requested an order reversing the Secretary's decision on the grounds that: Actiq is reasonable and necessary to treat Mrs. Diamond's medical condition; Mrs. Diamond has satisfied the two-pronged test contained in the Medicare Improvements for Patients and Providers Act ("MIPPA"), and; a finding that Actiq was prescribed for a "medically acceptable indication" in the treatment of Mrs. Diamond's medical condition is not necessary because there is a dearth of studies regarding the use of Actiq to treat her particular condition. The Secretary sought final judgment upholding the decision below. Magistrate Judge Vecchiarelli submitted her R&R (ECF No. 17) on January 6, 2015, concluding that Mr. Diamond's claims should

be dismissed for lack of jurisdiction and that the court should affirm the Secretary's final decision in regard to Mrs. Diamond's claims.

First, the Magistrate Judge determined that this court lacks jurisdiction over Mr. Diamond's claims because his claims relate to his wife's coverage under the Medicare Act, whereas 42 U.S.C. § 1395w-104(h)(1) permits only the individual eligible under Part D to appeal the Secretary's decision. Furthermore, Mr. Diamond is precluded from alleging tort claims against the Secretary for claims arising under the Medicare Act. *Livingston Care Ctr. Inc. v. United States*, 934 F.2d 719, 721 (6th Cir. 1991). In addition, to the extent that he may have alleged any tort claims against the Secretary in a different context, he has failed to allege that he administratively exhausted such claims, as required by the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1), 2675(a).

With regard to Mrs. Diamond's claims, the Magistrate Judge determined that the Medicare Act only provides Part D coverage for medications that are, among other requirements, "reasonable and necessary" *and* prescribed for a "medically accepted indication," despite Mrs. Diamond's argument that a finding that a medication is "reasonable and necessary" is sufficient. 42 U.S.C. §§ 1395w–102(e)(1), 1395w–102(e)(3), 1395y(a). Moreover, the Magistrate Judge concluded that no legal authority supported the contention that the court could ignore the requirement that a medication be prescribed for a "medically accepted indication" because studies regarding the use of Actiq to treat Mrs. Diamond's condition were lacking. Finally, the Magistrate Judge determined that Mrs. Diamond's reliance on MIPPA's former two-pronged test was misplaced because it was eliminated by the Affordable Care Act, in effect prior to Mrs. Diamond's request for coverage. Further, that test never applied to decisions regarding whether the use of a particular medication qualifies for Part D coverage. *See* 42 U.S.C. § 1395w-104(b)(3)(G) (2009) (amended 2010). As of the date of this Order, no objections had been filed to the R&R, thereby waiving the right to appeal the Magistrate

Judge's recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 17).  The court hereby affirms the Secretary's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 27, 2015